[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10956
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cr-60212-KMW-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON LORD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 13, 2013)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jason Lord appeals his 7-year sentence for brandishing a firearm during a crime of violence, imposed consecutively to his sentence for robbery, after he pleaded guilty to both offenses.  After careful review, we affirm.

I.

A grand jury indicted Lord and Shondrill Nunnally with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 1), and with "knowingly us[ing] and carry[ing] a firearm during and in relation to a crime of violence and . . . knowingly possess[ing] said firearm in furtherance of a crime of violence," in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 2).  Lord pleaded guilty pursuant to a written plea agreement.  The agreement indicated that Count 2 charged "possession of a firearm in furtherance of a crime of violence," but also stated the charge carried with it a consecutive statutory mandatory minimum 7-years, a sentence that applies only when a defendant not only possesses, but also *brandishes* a firearm (or abets brandishing), in violation of subsection 924(c)(1)(A)(ii), the statutory section cited in the indictment.

Along with the plea agreement, the government filed a factual proffer that said Lord and Nunnally entered a store in Miramar, Florida, on September 3, 2012. Nunnally "approached [an] employee from behind, brandished a firearm and demanded money."  Lord "then walked from the rear of the store and joined Nunnally."  The two took money from the store and left.  At Lord's change-of-plea

2

hearing, the district court asked whether Lord had an opportunity to read the proffer and review it with his lawyer, and Lord said he had.  The court asked:  "Do you agree that the facts contained in this proffer are true and accurate?"  Lord replied:  "Yes."  The court asked:  "Do you agree that, if the government went to trial, it could prove these facts beyond a reasonable doubt, but today they can establish an independent basis for your guilty plea?"  Lord again replied:  "Yes."  When the court instructed Lord that his guilty plea on Count 2 carried with it a mandatory minimum 7-year term of imprisonment, Lord stated that he understood.  The court did not, however, specifically instruct Lord that the 7-year mandatory minimum punishment arose because he was pleading guilty to *brandishing* a gun.

The presentence investigation report prepared in advance of Lord's sentencing stated that Lord was charged in Count 2 with "possession and brandishing of a firearm in furtherance of a crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii), which carried a mandatory 7-year sentence to run consecutively with his sentence on Count 1.  Lord objected, contending that, because the indictment did not allege Lord brandished a firearm, he could not be subject to the mandatory sentence a brandishing conviction carried.  At bottom, his claim was that, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013),[1] to comply with *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (and, therefore, Lord's Sixth-

---

[1]  At the time Lord objected, the Supreme Court had agreed to hear, but had not yet decided, *Alleyne*.

Amendment right to a jury trial), the government had to specifically allege the brandishing element of Count 2 in the indictment and include it in the plea agreement because that element increased the statutory mandatory minimum sentence to which Lord was subject.

At sentencing, the district court overruled Lord's objection and imposed a consecutive 7-year sentence on Count 2. This is Lord's appeal.

## II.

We review preserved *Apprendi* (and, therefore, *Alleyne*) claims *de novo*, but reverse only when the error is harmful. *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002). The Supreme Court in *Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Alleyne*, the Supreme Court extended *Apprendi* to apply to any fact that increases the statutory mandatory minimum sentence for a crime. 133 S. Ct. at 2159. And, the Court emphasized, elements that increase punishment must be alleged in the indictment. *Id.* at 2159-60.

There is no doubt that the "brandishing" element of § 924(c)(1)(A)(ii) is what increases the statutory mandatory minimum sentence from 5 to 7 years. *Compare* 18 U.S.C. § 924(c)(1)(A)(i), *with id.* § 924(c)(1)(A)(ii). And the parties

4

do not dispute that "brandishing" was not mentioned in the indictment,[2] the plea agreement, or during the district court's Rule 11 plea colloquy.[3]  But *Apprendi* and its progeny require any fact that increases punishment — here, the statutory mandatory minimum — to be either found by the jury "*or admitted by the defendant.*"  *United States v. Booker*, 543 U.S. 220, 228 (2005) (quoting *Blakely v. Washington*, 542 U.S. 296, 303 (2004)).  In this case, Lord admitted Nunnally possessed a gun and brandished it to intimidate the store clerk.  And he pleaded guilty to aiding and abetting Nunnally in the commission of the offenses, which makes Lord punishable as a principal for any "reasonably foreseeable action of" the crime, including, here, brandishing of a gun during the robbery.  *United States v. Diaz*, 248 F.3d 1065, 1099-1100 (11th Cir. 2001); *see* 18 U.S.C. § 2.  He does not challenge the aiding-and-abetting charge that accompanies Count 2.  Accordingly, although the failure to include "brandishing" in the indictment and plea agreement and the court's failure to specifically discuss the element during the plea colloquy was error, it was harmless because Lord admitted responsibility for brandishing a weapon.

     **AFFIRMED.**

---

[2]  The subsection for brandishing *was* included in the indictment.  But, because we deem any error harmless, we need not analyze whether the subsection's mention alone was sufficient.

[3]  It is far from clear that the district court adequately explained the charges Lord faced and to which he was pleading guilty.  In any event, because Lord admitted responsibility for Nunnally's weapon-brandishing, we have no occasion to analyze the court's colloquy.